# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JESSIE HILL                                                                                         PETITIONER
ADC #104136

V.                          NO. 5:16cv00277-JLH-JTR

WENDY KELLEY, Director,                                                             RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Petitioner, Jessie Hill ("Hill"), an Arkansas Department of Correction inmate, has filed a § 2254 Petition for Writ of Habeas Corpus, and a Motion for Leave to Proceed *In Forma Pauperis*. *Docs. 1 & 2.* In his Petition, Hill raises various habeas

claims challenging his 1995 conviction for capital murder, from Grant County, Arkansas.[1]

Over nineteen years ago, on August 18, 1997, Hill filed a § 2254 habeas action challenging his Grant County conviction. *Hill v. Norris*, E.D. Ark. No. 5:97CV00384-BRW. On December 9, 1997, United States District Judge Billy Roy Wilson dismissed the case with prejudice. *Id. at docs. 18 & 19*. Hill did not appeal.

On March 19, 2007, Hill filed a second § 2254 habeas action challenging the same conviction. *Hill v. Norris*, E.D. Ark. No. 5:07CV00058-BRW. Judge Wilson dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit Court of Appeals to file a second or successive § 2254 petition. *Id. at docs. 36 & 37*. Hill sought a certificate of appealability, which the Eighth Circuit denied. *Id. at doc. 56.*

On January 15, 2013, Hill filed a third § 2254 habeas action challenging his Grant County conviction. *Hill v. Hobbs*, No. 5:13cv00015-JLH. United States District Judge J. Leon Holmes dismissed the case, without prejudice, to allow Hill to seek

---

[1] Hill was sentenced to life imprisonment. His direct appeal was unsuccessful. *Hill v. State*, 325 Ark. 419, 931 S.W.2d 64 (Ark. 1996).
  Hill was also convicted of first-degree murder in Ouachita County, Arkansas, and sentenced to sixty years consecutive to his life sentence. He has challenged the Ouachita County conviction in several separate § 2254 actions. *See Hill v. Norris*, E.D. Ark. No. 5:97CV00257-BRW; *Hill v. Norris*, E.D. Ark. No. 5:09CV00050-BRW; *Hill v. Hobbs*, E.D. Ark. No. 5:13CV00014-JLH; *Hill v. Kelley*, E.D. Ark. No. 5:16cv00258-JLH.

permission from the Eighth Circuit to file a second or successive § 2254 petition. Hill did not appeal.

Finally, Hill filed at least five other applications for authorization to file a successive § 2254 petition challenging the Grant County conviction. The Eighth Circuit denied all of those applications. *See Hill v. Norris*, No. 07-2211 (8th Cir. Oct. 9, 2007); *Hill v. Norris*, No. 07-2985 (8th Cir. Oct. 9, 2007); *Hill v. Hobbs*, No. 12-3144 (8th Cir. Jan. 30, 2013); *Hill v. Hobbs*, No. 13-2791 (8th Cir. Jan. 22, 2014); *Hill v. Kelley*, No. 15-1770 (8th Cir. Aug. 3, 2015).

## II. Discussion

Hill has now filed yet another successive § 2254 habeas action challenging his 1995 conviction from Grant County, Arkansas. Only the Eighth Circuit Court of Appeals has the authority to grant a habeas petitioner permission to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Hill obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Hill's Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, be GRANTED;

2. Hill's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DISMISSED, WITHOUT PREJUDICE, so that Hill may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

3. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 9th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE